## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**STATE OF NEW MEXICO and**
**COUNTY OF LOS ALAMOS,**

      **Plaintiffs,**

**v.**

                              **No.  13cv1038 MV/ACT**

**DEBORAH S. ROBINSON,**

                            **State Mag. Ct. No. M-33-MR-201300112**

      **Defendant**.

### MEMORANDUM OPINION AND ORDER REMANDING CASE

This matter comes before the Court on pro se Defendant Deborah S. Robinson's *Notice of Jurisdictional Removal of Defendant from New Mexico State District Court to United States District Court Jurisdiction Rule (14) and Rule (57)*, filed October 22, 2013 [Doc. 1], and on her *Motion for Appointment of Counsel for Defendant Third Party Rule (14) and Rule (57) (Declaratory and Injunctive Relief; Jury and Counsel) and Motion for (I.F.P.) Relief*, filed October 22, 2013 [Doc. 2].   The Court will deny permission to proceed ifp, dismiss the notice of removal, and remand the entire case to Los Alamos County Magistrate Court.

### BACKGROUND

Robinson has been charged in *State v. Robinson*, M-33-MR-201300112 (Los Alamos County, New Mexico) with criminal damage to property.  Compl. at 1.  She seeks to "notify" the Court of her removal of that criminal proceeding to this Court, where she wants the Court to "review inferior court's ruling and decision."  *Id.*  Robinson contends that this Court has general jurisdiction over claims against "residents and alians [sic] of this and other states;" and over "claims aleged [sic] against U.S. government employees," and she mentions the Fair Housing Act, "Civil Rights Violations of Defendant's Constitutional and Civil Rights," and her alleged

"right to redress the federal government under the First Amendment and due process of law under the Fifth and Fourteenth Amendments, without loss." *Id.* at 2-3. Robinson states that she has filed "claims and counterclaims" in her state-court criminal proceedings, and that, if the state court "refuses to accept jurisdiction and Rule on all claims then jurisdiction should move to U.S. District Court." *Id.* at 3. In an incomprehensible paragraph, Robinson also states that she is filing her complaint under "18 U.S.C. Chapter 50A or Genocide and torture, substances and conditions and weapons" and mentions the names "Lougie Dulanto of Peru," the "Babi (Religion)", and "Rome statutes." *Id.* at 4.

## ANALYSIS

### I.   Robinson has failed to establish indigency.

Robinson did not pay the filing fee required to remove this case, nor did she submit a sworn financial affidavit or application to proceed *in forma pauperis* under 28 U.S.C. § 1915 demonstrating that she is indigent and "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Robinson knows how to file an application to proceed without prepaying filing fees in federal court under § 1915. *See Robinson v. Schlosser*, No. 05cv1335 WJ/RHS, Doc. 78 at 2 (noting that Robinson was "proceeding pro se and *in forma pauperis*" and dismissing entire complaint because Robinson "failed to state a cognizable federal claim against any of the defendants and [] many of her allegations are frivolous").

Section 1915(a)(1) requires a properly signed "affidavit." Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on

a plaintiff's "bald assertions" that she is unable to pay fees. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005). The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes [her]self to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of her own.

**II.    Robinson cannot remove her state criminal case to this Court.**

Removal of criminal cases is controlled by 28 U.S.C. § 1443.

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

[A] removal petition under § 28 U.S.C. 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied' or cannot enforce the specified federal rights 'in the courts of [the] State.'

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted). Robinson has not made any allegations to satisfy her burdens to show that she has been prosecuted in violation of her right to racial equality and that she cannot enforce her rights to racial equality in New Mexico.

"[S]ubsection [two] of the removal statute is available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966).  Because Robinson does not allege that she is a federal officer or person assisting a federal officer in the performance of his official duties, Robinson's attempted removal under 28 U.S.C. § 1443(2) is also defective.

Because Robinson's attempt at removal wholly fails to satisfy the removal statute, this case must be remanded to the state courts for lack of subject-matter jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Court notes that this is the second time that Robinson has filed frivolous pleadings in this Court while failing to prepay filing fees, and that the Court had to strike and restrict many of her filings in the last case she filed because they were unintelligible and/or improper.  *See Robinson*, No. 05cv1335 WJ/RHS, Docs. 69, 70, 74 (striking "unintelligible" motions that violated the rules of civil procedure); Doc. 76 ("once again the Court shall strike Plaintiff's pleading for the same reasons that the Court struck Plaintiff's other unintelligible pleadings"); Doc. 78 at 16 (holding that "the Clerk of the Court shall not accept for filing in this case any further documents or pleadings by Ms. Robinson other than a notice of appeal"). If she continues to file frivolous documents, the Court will impose permanent filing restrictions on all future pro-se filings.

**IT IS, THEREFORE, ORDERED** that Robinson's motion to proceed ifp and for appointment of counsel [Doc. 2] is DENIED; and that her attempted notice of removal [Doc. 1] is DISMISSED for lack of subject-matter jurisdiction; and that this case is REMANDED to the

Los Alamos County Magistrate Court; and that the Clerk shall mail a certified copy of this order

of remand to the clerk of that court.

    **SO ORDERED** this 29th day of October, 2013.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**